

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**William A. Grey**
Senior Counsel
Labor & Employment Law Division
phone: (212) 356-1181
fax: (212) 356-1189(not for service)
email:wgrey@law.nyc.gov

December 14, 2020

**VIA ECF**
Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:  <u>Doe v. City of New York, et al.</u>
            Docket No. 20-CV-8429 (ALC)

Dear Judge Carter:

      I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for the Defendant City of New York ("City") in the above-referenced action. Plaintiff, a former employee with the Bronx County District Attorney's Office, brings this action against the defendants pursuant to Tile VII of the Civil Rights act of 1964, as amended, 42 USC § 2000e et seq.("Title VII"), the New York State Human Rights Law, NY Exec. Law 296(1) ("NYSHRL"), the New York City Human Rights Law, NYC Admin. Code § 8-107(1)(a) ("NYCHRL"), the New York City Victims of Gender-Motivated Violence Protection Act, NYC Admin. Code §§ 8-901 to 8-907 ("GMVPA"), 42 USC § 1983 ("1983"), and various state law tort claims for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, false imprisonment, assault, and battery[1]. I write today pursuant to Section 2 of Your Honor's Individual Rules and Practices to respectfully request a pre-motion conference concerning Defendant City's anticipated motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to require Plaintiff to bring this action non-pseudonymously.

      Plaintiff's claims center on two alleged assaults. One allegedly by defendant Edwin Crespo on November 15, 2016 and one allegedly by defendant Gino Palaez on August 3, 2019. <u>See</u> Dkt. No. 1. It must also be noted that Plaintiff has brought an action in New York

---

[1] Plaintiff's assault, battery, intentional infliction of emotional distress, and false imprisonment claims are not alleged against the City and thus need not be addressed in this letter.

County Supreme Court seeking permission to file a late notice of claim against the City only. See Doe v. City of New York, Index no. 100601/20 (Sup. Ct. N.Y. County, 2020). That proceeding is ongoing and will necessarily effect the proceedings in this matter including the proposed motion to dismiss.

A.   **Plaintiff's Title VII Cause of Action Is Barred In Part By A Failure To Exhaust Her Administrative Remedies And Fails To State A Claim**

Plaintiff's Title VII claim alleges that Plaintiff was discriminated against based on her gender when the City allegedly mishandled her assault allegations against Officer Crespo. See Dkt. No. 1 at ¶¶ 61-64. Plaintiff pleads that the assault by Officer Crespo took place on November 15, 2016. See Dkt. No. 1 at ¶ 13. Plaintiff further pleads that after complaining she was instructed to attend meetings with Officer Crespo scheduled a few days after the alleged assault. See Dkt. No. 1 at ¶¶ 19-20. Plaintiff also pleads that any cases involving herself and Officer Crespo were reassigned to another Assistant District Attorney on September 25, 2017. See Dkt. No. 1 at ¶ 23. Plaintiff pleads that she filed a charge of discrimination with the U.S. Equal Employment Opportunities Commission ("EEOC") on May 29, 2020. See Dkt. No. 1 at ¶ 6. 300 days prior to May 29, 2020 is August 3, 2019.

Title VII requires "claimants to file a charge of discrimination with the EEOC (or with the similar state agency, here, the New York State Division of Human rights) within 300 days of the alleged discriminatory employment action; claims for acts that occurred more than 300 days before the filing are time-barred in federal court." Adams v. New York State Educ. Dep't., 2010 U.S. Dist. LEXIS 15635, 111-112 (SDNY 2010). Plaintiff failed to file her charge of discrimination with the EEOC within the 300 day timeframe and thus her Title VII claim must be dismissed.

B.   **Plaintiff's NYCHRL, NYSHRL, and 1983 (Crespo Allegations) Causes of Action Are Barred By The Applicable Statute Of Limitations**

Plaintiff's NYCHRL, NYSHRL, and portions of her 1983 claim are based upon her allegation that the City created a hostile work environment by forcing her to work with her alleged assailant, Officer Crespo, and by forcing her to obtain a male escort to meetings with that same alleged assailant. See Dkt. No. 1 at ¶¶ 65-72 and 82-83. As plead by Plaintiff, all of her cases involving defendant Crespo were transferred to other attorneys on September 25, 2017. See Dkt. No. 1. At ¶ 23. Plaintiff filed her complaint at the Southern District of New York on October 10, 2020. See Dkt. No. 1. 3 years prior to October 10, 2020 is October 8, 2017.

Plaintiff's "claims under Section 1983, the NYSHRL, and the NYCHRL are subject to a three-year statute of limitations." Bermudez v. The City of New York, 783 F. Supp. 2d 560, 573 (SDNY" 2011). The limitations period on Plaintiff's NYCHRL claim, NYSHRL claim, and 1983 claims concerning the Officer Crespo allegation expired prior to her filing her complaint at the Southern District of New York and must be dismissed.

C.   **Plaintiff's 1983 Cause of Action Concerning The Palaez Allegations Fails To State a Cause Of Action**

Plaintiff's allegations concerning the alleged Palaez assault fail to plausibly allege that any of her alleged harms happened based on a municipal policy or custom. Under § 1983, a

municipality may not be held liable solely on a theory of respondeat superior. See, Monell v. Department of Social Services, 436 U.S. 658, 694-695 (U.S. 1978). Rather, a plaintiff must show "a direct causal link between a municipal policy or custom, and the alleged constitutional depravation." City of Canton v. Harris, 489 U.S. 378, 385 (U.S. 1989); see also, Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011). Plaintiff's 1983 cause of action concerning the Palaez allegations must be dismissed for failing to state a claim.

### D.   Plaintiff's New York City Victims of Gender-Motivated Violence Protection Act Claim Has Been Withdrawn By Plaintiff

As noted above, Plaintiff has filed in New York State Supreme Court for leave to file a late notice of claim. GML § 50-e mandates that a notice of claim be filed within 90 days of the date on which the claim arose, and such timely filing is a condition precedent to bringing a tort claim against a municipality. See, Brown v. City of New York, 95 N.Y.2d 389, 392 (2000).

Plaintiff has formally abandoned the portion of her petition seeking permission o file a late notice of claim as to her GVMPA claims. Plaintiff's abandonment of this claim means that she will not be able to satisfy a necessary pre-requisite to suit and thus her GMVPA claims must be dismissed.

### E.   Plaintiff's Tort Law Claims Against The City

Plaintiff's negligence, negligent retention, and negligent infliction of emotional distress claims are currently being litigated as part of Plaintiff's current application for permission to file a late notice of claim in New York State Supreme Court. The State Court ruling will necessarily affect this case as Plaintiff's compliance, or lack thereof, with GML § 50-e will be determined in that proceeding. The City's position in that proceeding is that Plaintiff has failed to comply with the notice of claim requirements and that the State Court has no jurisdiction to authorize a late notice of claim because the request was not made until after the statute of limitations had run on the claim.

### F.   The City Intends To Move To Compel Plaintiff To Proceed Non- Pseudonymously

The City intends to object to the Plaintiff litigating pseudonymously as she fails to satisfy the standards for pseudonymous litigation and has forfeited any right she may have had by publicly naming the individual defendants. See, e.g., Doe v. Shakur, 164 F.R.D. 359, 361 (SDNY 1996), 787

Accordingly, Defendant City respectfully requests a pre-motion conference to discuss their proposed motions, a briefing schedule, and an extension of the Defendant City's time to respond to Plaintiff's complaint.

                              Respectfully submitted,
                              /s/
                              William A. Grey
                              Senior Counsel