[1]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANE DOE,

                Plaintiff,

                                                          **Case No. 20 Civ. 8429**

           -against-                             **ANSWER ON BEHALF OF**
                                                              **GINO PELAEZ**

CITY OF NEW YORK, EDWIN CRESPO and
GINO PELAEZ,

                Defendants.
------------------------------------------------------------------------X

        Defendant, GINO PELAEZ, by and through his Attorneys, Brill Legal Group, P.C., as and for an Answer to the Complaint herein, alleges upon information and belief as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the complaint.

        2.     As to paragraph 2 of the complaint, admits Plaintiff went to a party with coworkers, denies the rape allegation, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations therein.

        3.     Avers that the allegations contained in paragraphs 3, 4 and 5 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of this Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

        4.     Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 6, 7 and 8 of the complaint.

        5.     As to paragraph 9, denies Defendant Pelaez committed a sexual assault, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations therein.

6. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the complaint.

7. As to paragraph 12, denies Defendant Pelaez is an employee of the Bronx DA's office.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 13 through 30 of the complaint.

9. As to paragraph 31, admits that Plaintiff attended a party, denies that it was a "work party", and denies the remaining allegations therein.

10. Denies the allegations contained in paragraphs 32 through 35 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 36 through 42 of the complaint.

12. As to paragraph 43, admits that ADA Mimi Mairs was assigned to the investigation and denies knowledge or information sufficient to form a belief as to the remaining allegations therein.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 44 through 60 of the complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

14. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 13 of this Answer as if fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 62 through 64 of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

16. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 66 through 68 of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

18. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 17 of this Answer as if fully set forth herein.

19. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 70 through 72 of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

20. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 19 of this Answer as if fully set forth herein.

21. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 74 through 76 of the complaint.

22. Denies the allegations contained in paragraphs 77 through 81 of the complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

23. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 22 of this Answer as if fully set forth herein.

24. Denies violating Plaintiff's constitutional rights and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 83 of the complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

25. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 24 of this Answer as if fully set forth herein.

26. Denies the allegations contained in paragraphs 85 through 87 of the complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

27. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 26 of this Answer as if fully set forth herein.

28. Denies the allegations contained in paragraphs 89 through 91 of the complaint.

## ANSWERING THE EIGHTH CAUSE OF ACTION

29. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 28 of this Answer as if fully set forth herein.

30. Denies the allegations contained in paragraphs 93 through 96 of the complaint.

## ANSWERING THE NINTH CAUSE OF ACTION

31. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 30 of this Answer as if fully set forth herein.

32. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 98 and 99 of the complaint.

## ANSWERING THE TENTH CAUSE OF ACTION

33. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 32 of this Answer as if fully set forth herein.

34. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 101 of the complaint.

35. As to paragraph 102, denies assaulting Plaintiff and denies knowledge or information sufficient to form a belief as to the remaining allegations therein.

36. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 103 through 105 of the complaint.

### ANSWERING THE ELEVENTH CAUSE OF ACTION

37. Defendant Pelaez realleges and incorporates by reference paragraphs 1 through 36 of this Answer as if fully set forth herein.

38. Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 106 through 109 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Defendant is not the proximate cause of any injuries sustained by Plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The Complaint should be barred by the doctrine of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. The Complaint should be barred, in whole or in part, by the doctrine of waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. The Complaint should be dismissed because it is frivolous and in bad faith.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. The Complaint should be dismissed because it fails to state a cause of action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. The Complaint should be barred by the applicable Statute of Limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

45. The Complaint is barred based upon Plaintiff's spoliation of evidence.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

46. Plaintiff has failed to mitigate her damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

47. The Complaint is barred by Plaintiff's unclean hands.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety, and for such other, further and different relief as this Court deems just and proper.

Dated: Hempstead, New York
January 14, 2021

Yours, etc.,

**BRILL LEGAL GROUP, P.C.**
*Attorneys for Defendant Gino Pelaez*

By: Peter E. Brill
64 Hilton Avenue
Hempstead, N.Y. 11550
Email: pbrill@brill-legal.com
(516) 206-2002