

TH⸱⸱⸱ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA E. PESTANA**
*Acting Corporation Counsel*

**William A. Grey**
Senior Counsel
Labor & Employment Law Division
phone: (212) 356-1181
fax: (212) 356-1189(not for service)
email:wgrey@law.nyc.gov

July 19, 2021

<u>**VIA ECF**</u>
Honorable Andrew L. Carter, JR.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

     Re: <u>Doe v. City of New York, et al.</u>
       Docket No. 16-CV-5604 (ALC)

Dear Judge Carter:

    I am a Senior Counsel in the office of Georgia E. Pestana, Acting Corporation Counsel of the City of New York, attorney for the Defendant City of New York ("City") in the above-referenced action. Plaintiff, a former attorney with the Bronx County District Attorney's Office, brings this action against the Defendant, City, pursuant to Title VII of the Civil Rights act of 1964, as amended, 42 USC § 2000e et seq.("Title VII"), the New York State Human Rights Law, NY Exec. Law 296(1) ("NYSHRL"), the New York City Human Rights Law, NYC Admin. Code § 8-107(1)(a) ("NYCHRL"), 42 USC § 1983 ("1983"), and a state law tort claim for negligent infliction of emotional distress.[1] I write today pursuant to Section 2 of Your Honor's Individual Rules and Practices to respectfully request a pre-motion conference concerning Defendant City's anticipated motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to require Plaintiff to bring this action non-pseudonymously.

    Plaintiff's claims center on two alleged assaults. The first is alleged to have occurred on November 15, 2016 by defendant Edwin Crespo and the second is stated to have occurred on August 3, 2019 by defendant Gino Pelaez. <u>See</u> Dkt. No. 32. Plaintiff filed a motion seeking permission to file a late notice of claim in New York Supreme Court under index number 100601/2020. A Decision and Order was filed on Plaintiff's motion on June 2, 2021 both granting and denying certain portions of Plaintiff's petition.

---

[1] Plaintiff's Fourth, Sixth, Seventh, and Eighth Causes of Action, are not brought against the City. <u>See</u>, Dkt. No. 32.

**A.      Plaintiff's First Cause of Action pursuant to Title VII Is Barred In Part By A Failure To Exhaust Her Administrative Remedies and Failure to State A claim**

Plaintiff's only Title VII claim alleges that Plaintiff was discriminated against based on her gender when the City allegedly mishandled allegations she made against Officer Crespo. See Dkt. No. 32 at ¶¶ 61-64.  Plaintiff pleads that the assault by Officer Crespo took place on November 15, 2016 when she was interviewing him in connection with a case she was preparing to prosecute.  See Dkt. No. 32 at ¶ 13.  Plaintiff further asserts that after complaining about Police Officer Crespo's conduct, she was instructed by her superiors to have colleagues accompany her to any further meetings with him.  See Dkt. No. 32 at ¶¶ 19-20.  Plaintiff also acknowledges that on September 25, 2017 her interactions with Officer Crespo ceased as any cases involving him were reassigned to be handled by other prosecutors in the office. See Dkt. No. 1 at ¶ 23.  Plaintiff affirms that she filed a charge of discrimination with the U.S. Equal Employment Opportunities Commission ("EEOC") on May 29, 2020.  See Dkt. No. 1 at ¶ 6.  300 days prior to May 29, 2020 is August 3, 2019.

Title VII requires "claimants to file a charge of discrimination with the EEOC (or with the similar state agency, here, the New York State Division of Human rights) within 300 days of the alleged discriminatory employment action; claims for acts that occurred more than 300 days before the filing are time-barred in federal court."  Adams v. New York State Educ. Dep't., 2010 U.S. Dist. LEXIS 15635, 111-112 (SDNY 2010).  Here, Plaintiff's failure to file a charge of discrimination regarding Crespo with the EEOC within the 300 day timeframe requires that her First Cause of Action, which she brings pursuant to Title VII, be dismissed.

**B.      Plaintiff's Second Cause of Action (NYCHRL), Third Cause of Action (NYSHRL), and Fifth Cause of Action (1983) Are Barred By The Applicable Statutes Of Limitation**

Plaintiff's NYCHRL, NYSHRL, and portions of her 1983 claim are based upon her allegation that the City created a hostile work environment by requiring her to work with her alleged assailant, Officer Crespo, and by suggesting she obtain a male colleague to accompany her to meetings with that same alleged assailant.  See Dkt. No. 32 at ¶¶ 65-72 and 82-83.  Plaintiff's alleged assault by Officer Crespo took place November 15, 2016 and the meetings to which she claims she was forced to attend with Officer Crespo took place within a few days of the initial assault.  See Dkt. No. 32 at ¶¶ 13 and 19-20.  Plaintiff admits that as of September 25, 2017 any cases she which involved Officer Crespo were reassigned to other assistant district attorneys for handling.   Plaintiff filed her Complaint at the Southern District of New York on October 10, 2020.  See Dkt. No. 1.  3 years prior to October 10, 2020 is October 8, 2017.

Plaintiff's "claims under Section 1983, the NYSHRL, and the NYCHRL are subject to a three-year statute of limitations."  Bermudez v. The City of New York, 783 F. Supp. 2d 560, 573 (SDNY" 2011).  The limitations period on Plaintiff's Second Cause of Action (NYCHRL), Third Cause of Action (NYSHRL), and Fifth Cause of Action (1983) concerning the Officer Crespo allegation expired prior to her filing her complaint at the Southern District of New York and must be dismissed.

**C.      Plaintiff's Fifth Cause of Action (1983) Concerning The Pelaez Allegations Fails To State a Cause Of Action**

Plaintiff's allegations concerning the alleged Pelaez assault fail to plausibly allege that any of her alleged harms happened based on a municipal policy or custom.  Under § 1983, a municipality may not be held liable solely on a theory of respondeat superior.  See, Monell v. Department of Social Services, 436 U.S. 658, 694-695 (U.S. 1978).  Rather, a plaintiff must show "a direct causal link between a municipal policy or custom, and the alleged constitutional depravation."  City of Canton v. Harris, 489 U.S. 378, 385 (U.S. 1989); see also, Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011).  Plaintiff further fails to allege what Constitutional depravation was allegedly caused by the non-existent custom or policy.  Plaintiff's 1983 cause of action concerning the Pelaez allegations must be dismissed for failing to state a claim.

**D.      Plaintiff's Tort Law Claims Against The City**

Plaintiff's negligent infliction of emotional distress claim must be dismissed because her state law tort claims concerning the Crespo allegations have been dismissed as untimely by the Supreme Court of the State of New York.  See, June 2, 2021 Order and Decision (100601/2020).

Plaintiff's claims against the City in regard to the Pelaez allegation should be dismissed for failing to state a claim upon which relief may be granted.  First, Plaintiff fails to allege negligence in her Amended Complaint; in fact, her Amended Complaint asserts only *intentional* acts.  Second, to the extent Plaintiff's claim rests on a theory that there was an alleged failure to investigate, that is not a cognizable tort in the State of New York.  Even if it were a cognizable tort, the Defendant City is immune from suit for discretionary acts involving the application of reasoned judgment.  See, Lauer v. City of New York, 95 N.Y.2d 95, 99-100 (N.Y. 2000).  Lastly, Plaintiff fails to plead the necessary elements of a tort action against the City in that she identifies no duty, no breach, no causation, and no damages attributable to the City.  Nor does she plead actions that are extreme and outrageous, done with the intent to, or reckless disregard of, severe emotional distress, a causal connection between the conduct and injury, and severe emotional distress.  See, Pallonetti v. Liberty Mut., 2011 U.S. Dist. LEXIS 14529, 29 (SDNY 2011).

**E.      The City Intends To Raise Its Objections To Plaintiff's Ex-Parte Motion To Proceed Pseudonymously**

The City intends to object to the Plaintiff litigating pseudonymously as she fails to satisfy the standards for pseudonymous litigation and has forfeited any right she may have had by publicly naming the individual defendants.  See, e.g., Doe v. Shakur, 164 F.R.D. 359, 361 (SDNY 1996).

Accordingly, the Defendants respectfully request a pre-motion conference to discuss their proposed motions, a briefing schedule, and an extension of the defendants time to respond to Plaintiff's complaint.

Respectfully submitted,
/s/
William A. Grey
Senior Counsel