Case No. 20-CV-08429 (ALC)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                              Plaintiff,

-against-

CITY OF NEW YORK, GINO PELAEZ, and EDWIN CRESPO,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT.**

**GEORGIA M. PESTANA**

*Corporation Counsel of the City of New York*
Attorney for Defendant City of New York
100 Church Street, Room 2-172
New York, New York 10007-2601

*Of Counsel:* William A. Grey

*Tel*.: (212) 356-1181

**TABLE OF CONTENTS**

**Page**

Preliminary Statement…………………………………………………………………………1

Argument……………………………………………………………………………………….2

Point I…………………………………………………………………………………………..2

PLAINTIFF'S MONELL CLAIM IS IMPROPERLY PLED AND BARRED BY THE STATUTE OF LIMITATIONS…………………………………………………………………………….2

Point II…………………………………………………………………………………………..6

PLAINTIFF'S SHRL AND CHRL CAUSES OF ACTION IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS……………………………………………………………….6

Point III………………………………………………………………………………………….7

PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ………………………………………………………………………………………...........7

Point V………………………………………………………………………………………...8

PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY MUST BE DENIED…………...8

Conclusion……………………………………………………………………….……….10

N.Y. Executive Law §§ 290 et seq. 1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Burrell v. City University of New York,
   995 F. Supp. 398 (SDNY 1998)..................................................................................................6

Citing, Cornwell v. Robinson,
   23 F.3d 694 (2d Cir. 1994)...........................................................................................................6

James v. Van Blarcum,
   182 F.App'x 83 (2d Cir. 2009) ...................................................................................................5

Matusick v. Erie Cty. Water Auth.,
   757 F.3d 31 (2d Cir. 2014)...........................................................................................................5

Monell v. N.Y. Dep't of Soc. Servs.,
   436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)......................................................2, 6, 7

Murdaugh v. City of New York,
   2011 U.S. Dist. LEXIS 23333 (SDNY 2011)............................................................................6

Pelaez v. Seide,
   2 N.Y.3d 186 (NY 2004) ...........................................................................................................8

Sealed Plaintiff v. Sealed Defendant #1,
   537 F.3d 185 (2d Circuit, 2008)..........................................................................................2, 3, 8

Sorlucco v. New York City Police Dep't.,
   971 F.2d 864 (2d Cir. 1992).....................................................................................................4, 5

Triano v. Town of Harrison,
   895 F.Supp.2d 526 (SDNY 2012) ...........................................................................................5

**Statutes**

42 U.S.C. §1983............................................................................................................................1

42 U.S.C. §§ 2000 et seq................................................................................................................1

1983................................................................................................................................................4

CHRL..........................................................................................................................................6, 7

Civil Rights Act of 1964 Title VII.................................................................................................1

Code §§ 8-101 et seq............................................................................................................1

Gender-Motivated Violence Protection Act .......................................................................1

N.Y. Executive Law §§ 290................................................................................................1

New York City Human Rights Law, N.Y...........................................................................1

Title VII .........................................................................................................................2, 6

**Other Authorities**

First Amendment ................................................................................................................9

New York State Human Rights Law("SHRL" ...................................................................1

NYC Admin. Code §§ 8-901 to 8-907................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANE DOE,

                        Plaintiff,

                                                                               20-CV-08429 (ALC)(OTW)

          -against-

CITY OF NEW YORK, GINO PELAEZ, and
EDWIN CRESPO,

                        Defendants.

------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

## PRELIMINARY STATEMENT

Defendant City of New York ("Defendant") filed a motion to dismiss on August 16, 2021. See, Dkt. Nos. 37, 38, and 39. Plaintiff filed her opposition on August 30, 2021. See, Dkt. Nos. 41 and 42.

The Defendant moved to dismiss all of Plaintiff's claims against the Defendant. Plaintiff's Amended Complaint alleged a purported hostile work environment due to her gender ("female") under Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. §§ 2000 et seq., the New York State Human Rights Law ("SHRL"), N.Y. Executive Law §§ 290 et seq., and the New York City Human Rights Law ("CHRL"), N.Y. City Admin. Code §§ 8-101 et seq., as well as claims pursuant to the New York City Victims of Gender-Motivated Violence Protection Act, NYC Admin. Code §§ 8-901 to 8-907, 42 U.S.C. §1983 ("1983"), negligent infliction of emotional distress, and general negligence. See, Dkt. No 32.

1

In Plaintiff's opposition, she withdrew her Title VII claims. See, Dkt No. 41 at footnote 4 at ECF pg. 14. Plaintiff argues that her Monell claim is both timely and sufficiently pled. Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff argues that her NYCHRL and NYSHRL claims are timely. Plaintiff argues that her negligent infliction of emotional distress and negligence causes of action are properly pled. Lastly, Plaintiff argues that she is entitled to litigate anonymously.

As set forth more fully below, Plaintiff has failed to allege plausible pattern and practice Monell claim. Plaintiff also tacitly admits that her Monell claim is beyond the statute of limitations. Plaintiff additionally tacitly admits that her NYCHRL and NYSHRL causes of action are not timely. Plaintiff attempts to evade the consequences of bringing untimely actions by arguing that the continuing violation doctrine applies to an alleged failure to investigate which is contrary to controlling case law. Plaintiff's causes of action sounding in negligence are not properly pled and subject to discretionary immunity. Lastly, Plaintiff fails to identify proper factors as set forth in Sealed, and thus the equities weigh against her request for anonymity. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Circuit, 2008).

## ARGUMENT

### POINT I

**PLAINTIFF'S MONELL CLAIM IS IMPROPERLY PLED AND BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff offers two arguments in support of her Monell claim. First, that she has properly plead a plausible pattern and practice. Second, that Plaintiff does plausibly plead that

2

decisionmakers with final policy making authority made decisions that allegedly led to her deprivation. Plaintiff is incorrect on both counts.

Plaintiff's problem at the motion to dismiss stage is not that she cannot identify any policymaker, it's that without identifying an alleged final decision maker or an actual written policy she is required to show that the alleged informal policy occurred frequently enough to produce an informal, policy, custom, or practice of which the employer was aware.

Plaintiff alleges six bulleted points that apparently comprise the informal policy. See, Dkt. No 41 at ECF pgs. 9-10. The first bullet point involves her allegation that she was forced to work with her assailant after she complained "through multiple avenues and to various levels of supervisors." See, id. This incorrectly characterizes her Amended Complaint. Plaintiff alleges that she complained to Mr. Zalenka on November 15, 2016 that she was assaulted and that he told her to take a male to the next two meetings. See, Dkt. No 32 at ¶ 20. The Plaintiff pleads that she then spoke to Mr. Zalenka again "less than ten months after the assault had occurred," and Mr. Zalenka then reassigned all of her cases involving this officer. See, Dkt. No. 32 at ¶ 23. Thus, Plaintiff's Amended Complaint contradicts what was written in her first bullet point after the first comma. Importantly, none of the citations to her amended complaint involve factual allegations concerning the alleged Pelaez assault. Lastly, this is not evidence of a widespread policy and practice so common to be deemed adopted by the agency. This is a single supervisor who allegedly made one decision and then reversed that decision when asked again. These facts show that it is not plausible that there is some widespread informal policy.

3

The second alleged custom and policy is to have her obtain a male escort for her meetings. Again, this only involves one alleged decision by one supervisor that was then reversed when she revisited it less than ten months later.

The third bullet point and alleged custom and policy is an allegation that her employer allowed Mr. Crespo to remain employed. As pointed out in the Defendant's moving papers, the Bronx County District Attorney ("BXDA"), Plaintiff's employer, is not the Commissioner of the New York City Police Department. The BXDAs office has no authority to terminate Mr. Crespo's employment and thus cannot have a formal or informal policy of failing to terminate someone when they cannot make such a decision either way.

The fourth bullet point is mostly a rehash of the third bullet point in that she alleges a policy of failing to investigate and a failure to fire Mr. Crespo, an action that Plaintiff's employer cannot perform. As for an informal policy of not investigating, it is clear that the policy is to investigate. In fact, Plaintiff's allegations involving Mr. Pelaez show that the BXDA does investigate complaints of their employees actions. Plaintiff's allegation that one employee's actions can create an informal pattern and practice is incorrect.

The fifth bullet point is an allegation that there is a policy to not keep Plaintiff as informed as she would like. This is an alleged policy apropos of nothing as it lead to no depravation. Plaintiff admits that after she complained Mr. Pelaez was removed from the workplace and he never came back.

"A municipal agency may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees." Sorlucco v. New York City Police Dep't., 971 F.2d 864, 870 (2d Cir. 1992), quoting, Monell v. Department of Social Services, 436 U.s. 658, 694 (U.S.

4

1978). "So long as the discriminatory practices of city officials are persistent and widespread, they "could be so permanent and well settled as to constitute a 'custom or usage' with the force of law," and thereby generate municipal liability." Sorlucco, at 870-871; quoting, Adickes v. S.H. Kress & Co., 398 U.S. 144, 168 (U.S. 1970).

"Normally, "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality].""  Triano v. Town of Harrison,, 895 F.Supp.2d 526, 532 (SDNY 2012), quoting, Newton v. City of New York, 566 F.Supp. 2d, 256, 271 (SDNY 2008)

Plaintiff's cite to James v. Van Blarcum, 182 F.App'x 83,86 (2d Cir. 2009) is equally unavailing.  Plaintiff cites it for the proposition that "[i]naction and acquiescence may allow harassment to become a custom and practice." Van Blarcum, at 86.  However, a quick review of Van Blarcum, and the cite to which it draws upon, Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 63 (2d Cir. 2014), displays why Plaintiff's pleadings fall short of plausibility.

Van Blarcum and Matusick involved allegations that were "frequent and severe." Matusick, at 63.  Matusick made repeated complaints to his supervisors and human resources personnel who were aware of his complaints.  Id, at 63.  In Van Blarcum, the plaintiff alleged that there were at least twelve instances of racial slurs and that comments had been made constantly and all the time.  Van Blarcum, at 85.  Additionally, there were multiple reports and actual knowledge of instances that were not investigated.  In comparison, Plaintiff in this case alleges only one incident with one supervisor who reversed himself upon the first time she asked him to reconsider.  Before she reported it to the Equal Employment Office all of her cases involving the subject of her complaint were re-assigned to other employees.

5

Plaintiff has also not plead that the hostile work environment, the basis of her Monell claim, is timely. Plaintiff argues that the Hostile Work Environment was being forced to work with her alleged assailant. Plaintiff pleads that this stopped on September 25, 2017, prior to the date at which Plaintiff concedes is the outer limit of her statute of limitations period, October 9, 2017. See, Dkt. No. 32 at ¶ 23, see also, Dkt. No 41 at ECF pg. 14. In Burrell v. City University of New York, 995 F. Supp. 398, 407 (SDNY 1998), Judge Sweet explained: "The fact that CUNY's failure to remediate lasted into the limitations period cannot render the earlier occurrences of sexual harassment timely; CUNY's failure to remediate goes to establish CUNY's liability, not to establish actionable sexual harassment. If a hostile work environment claim were rendered timely by an ongoing failure to remediate, even after the sexual harassment had ceased, the theory would become an automatic "continuing violation," even when the last act of harassment occurred before the limitations period. Such is not the law in this Circuit." Citing, Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994).

## POINT II

**PLAINTIFF'S SHRL AND CHRL CAUSES OF ACTION ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Plaintiff's claims pursuant to the SHRL and CHRL are barred by the applicable statute of limitations. Plaintiff's opposition merely argues that the SHRL and CHRL have a lower standard to prove discrimination under those statutes. See, generally Dkt. No 41 at ECF pg. 15. However, as pointed out in Defendant's moving papers, the standards for a continuing violation are similar to the standard under a Title VII claim. Murdaugh v. City of New York, 2011 U.S.

Dist. LEXIS 23333, at 10 (SDNY 2011). Thus, the fact that the SHRL and CHRL have lower burdens of proof is inapposite to whether there was a continfuing violation.

Plaintiff's arguments concerning her SHRL and CHRL claims being timely are unavailing for the same reasons that her <u>Monell</u> claim is untimely. Plaintiff attempts to argue that a failure to remediate extends the statute of limitations. This is incorrect. Even if Plaintiff were correct, Plaintiff pleads that the possibility of having to work with her alleged assaulter ended on September 25, 2017, prior to the date at which Plaintiff concedes is the outer limit of her statute of limitations period, October 9, 2017. <u>See</u>, Dkt. No. 32 at ¶ 23, <u>see also</u>, Dkt. No 41 at ECF pg. 14.

<div align="center">POINT III</div>

**PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiff argues in her opposition, that she has properly pled a Negligent Infliction of Emotional Distress Claim. <u>See</u> Dkt. No 41, at ECF pgs. 14-15. Plaintiff tries to argue that being raped by a colleague is the is the extreme and outrageous conduct. The Defendant did not commit that act and terminated the employee that did. Plaintiff simply has not plead that the Defendant took any act that was extreme our outrageous nor that any alleged extreme or outrageous act led to any injuries she is alleging.

Plaintiff's argument that not keeping her abreast of the investigation is somehow negligent shows the purpose of the discretionary immunity doctrine. Under Plaintiff's negligence theory the employer would be required to conduct an investigation on the complainant's timeframe despite reasonable concerns such as possibly immunizing a criminal defendant. The alleged

perpetrator of her rape was removed from the office from the day Plaintiff reported the rape until the day he was terminated from employment. Plaintiff's reliance on Pelaez, is also misplaced. Pelaez v. Seide, 2 N.Y.3d 186 (NY 2004). The third prong of that test is when the "municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation." Pelaez, at 200. Plaintiff was not harmed by the investigation. The BXDA acted responsibly as an employer. Plaintiff's desire to have the investigation on her personal timeline does not create a tort duty.

POINT V

**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY MUST BE DENIED**

Plaintiff's opposition concerning factors[1] 2,3, and 7 do not address the Defendant's motion. The Defendants offered case law showing that Plaintiff must come with more than just her own conclusory statements that she will suffer harm. Plaintiff fails to include medical corroboration. This is enough to foreclose the 2 and 3 factors.

Turning to factor 7, Plaintiff disclosed her name to the Manhattan DA's office. That is not an argument that she cannot seek redress for alleged crimes, but it shows that she disclosed it to the Manhattan DA's office and then chose to work there. Showing that there was no negative employment consequences and no psychic trauma from the disclosure. Plaintiff's affidavit submitted in support of her opposition also contains inaccuracies. See Dkt. No. 42. Plaintiff argues in paragraph 6 that since commencing this action she has maintained her

---

[1] These factors refer to the test as laid out in Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Circuit, 2008).

confidentiality.  Id, at paragraph 6.  Plaintiff's text message to her coworker refers to her "lawsuit as Jane Doe."  See, Defendant's Exhibit B.  Plaintiff further avers that she reached out to Ms. Shaw because she believed that Ms. Shaw, "could have assisted me in the prosecution of this case."  See, Dkt. No 42 at paragraph 4.  Again, the text of the message flatly contradicts this assertion.  Plaintiff asked Ms. Shaw to speak to her "attorney about **YOUR** experience."  See, Exhibit B (emphasis added).  It also displays the very prejudice that is visited upon a defendant litigating against a pseudonymous person.  Plaintiff will go out and search for witnesses while the Defendants cannot do the very same action.

   Plaintiff does not contest the Defendants arguments concerning factor 5.

   Plaintiff's arguments concerning factor 6 are equally unavailing.  She argues that there is no prejudice to defending against an anonymous plaintiff at all.  Plaintiff is incorrect.  The Defendant pointed to several cases that outline the possible prejudice.  Plaintiff's only rejoinder is to say that she would allow the Defendant to disclose her name to "attorneys, experts, consultants, and any person otherwise retained to provide specialized advice to the Defendant in this action."  See, Dkt. No. 41 at ECF pg. 26.  This does not relieve the prejudice.  The very text message that Plaintiff sent to a colleague is not covered by her disclosure regime.  Plaintiff's argument that she was gathering witnesses for her own case, belied by the text itself, shows that her real effort is to stymie the defense not protect her anonymity.

    The Plaintiff argues that allowing her anonymity is in the public interest because it will encourage vindication of her types of claims.  However, she does not address the public interest in the proper functioning of courts and public officials.  It does not eradicate the public's First Amendment rights to access to judicial documents, including the names of all parties to the

action. Plaintiff is asking for an exception to the general rule and fails to address the important public interests at stake.

The tenth and final factor is also quickly dismissed by Plaintiff as impossible. Plaintiff argues that the "emotional and reputational harm Plaintiff fears would derive from her association with this case, and being labeled as a sexual assault victim and a problem employee." See Dkt. No 41 at ECF pg. 29. Thus she argues that she will be visited harm by merely being associated as the Plaintiff. This is completely undermined by the text message she sent Ms. Shaw. Plaintiff not only identified herself as the Plaintiff in the litigation, but referred to the press that the case has garnered. This was an invitation for her colleagues to know that she was the Plaintiff. If this alleged disclosure caused here great harm then she would not have visited that harm upon herself.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Defendants original memorandum of law, the Defendant respectfully requests that the Court grant Defendant's motion to dismiss the Complaint against the City of New York in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          September 27, 2021

                                               **GEORGIA M. PESTANA**
                                           Corporation Counsel of the
                                           City of New York
                                           Attorney for Defendants
                                           100 Church Street, Room 2-172
                                           New York, New York 10007
                                           (212) 356-1181

wgrey@law.nyc.gov


By: /s/ _____
       William A. Grey
       Senior Counsel