

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**William A. Grey**
Senior Counsel
Labor & Employment Law Division
phone: (212) 356-1181
fax: (212) 356-1189(not for service)
email:wgrey@law.nyc.gov

September 28, 2021

**VIA ECF**
Honorable Andrew L. Carter, JR.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:  <u>Doe v. City of New York, et al.</u>
            Docket No. 20-CV-8429 (ALC)(OTW)

Dear Judge Carter:

      I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for the Defendant Edwin Crespo ("Defendant") and the City of New York in the above-referenced action. Plaintiff, a former attorney with the Bronx County District Attorney's Office, brings this action against this Defendant solely pursuant to N.Y.C. Admin. Code § 10-1104, The New York City Gender Motivated Violence Act ("GMVA"). I write today pursuant to Section 2 of Your Honor's Individual Rules and Practices to respectfully request a pre-motion conference concerning Defendant Crespo's anticipated motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      Plaintiff's claims against the Defendant center on an alleged assault. The assault was alleged to have occurred on November 15, 2016 by Defendant. Plaintiff alleges that the Defendant "placed his hand on Plaintiff's right inner thigh and slid his hand up and down her thigh."

**A.    Plaintiff's Fails To Plausibly Plead Her GMVA Claims**

      To state a GMVA claim a plaintiff must plead that "(1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and (5) resulted in injury." <u>Eckhart v. Fox News Network, LLC</u>, 2021 U.S. Dist. LEXIS 171219, at 75 (SDNY 2021); <u>quoting</u>, <u>Hughes v. Twenty-First Century Fox, Inc.</u>, 304 F. Supp. 3d 429, at 455 (SDNY 2018).

Plaintiff has not plausibly pled the second, third, or fourth elements as identified above. Plaintiff has pled no facts indicating that she was presented with a risk of serious injury, that the alleged assault was perpetrated because of her gender, nor that the Defendant was motivated because of animus against Plaintiff's gender.

**B.     The Defendant Intends To Raise His Objections To Plaintiff's Ex-Parte Motion To Proceed Pseudonymously**

The Defendant intends to object to the Plaintiff litigating pseudonymously as she fails to satisfy the standards for pseudonymous litigation and has forfeited any right she may have had by publicly naming the individual defendants. See, e.g., Doe v. Shakur, 164 F.R.D. 359, 361 (SDNY 1996).

Accordingly, the Defendant respectfully requests a pre-motion conference to discuss his proposed motions, a briefing schedule, and an extension of the defendants time to respond to Plaintiff's complaint.

Respectfully submitted,<br>
/s/<br>
William A. Grey<br>
Senior Counsel