

September 30, 2021

**VIA ECF**
Honorable Judge Andrew L. Carter, Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      RE:   *Doe v. City of New York, et al.* 1:20-cv-08429-ALC

Dear Judge Carter:

      We represent the Plaintiff, Jane Doe, in the above captioned case. We write in response to Defendant Edwin Crespo's Letter-Motion requesting a pre-motion conference in anticipation of Defendant Crespo's anticipated motion to dismiss the Amended Complaint. We also write in response to Defendant City of New York's ("City") September 27, 2021 Letter-Motion seeking a *nunc pro tunc* extension of its time to respond to Plaintiff's Opposition to the City's Motion to Dismiss the Complaint.

      As an initial matter, we have conferred with Attorney William Grey and advised him that we consent to his application for a *nunc pro tunc* extension for his Reply memorandum due to law office failure. In addition, we advised Attorney Grey that our consent was conditioned on the following: instead of repeating the same objections to Plaintiff's Motion to Proceed Pseudonymously – previously raised in Defendant City's Motion to Dismiss and raised again in Defendant City's Reply Memorandum of Law – Attorney Grey, on behalf of Defendant Crespo, is to simply join in on Defendant City's arguments on this issue. On behalf of Defendant Crespo, Attorney Grey has consented to this proposal. Therefore, at this time, the parties agree it is a waste of this Court's time and the parties' efforts to repeat the same arguments previously made regarding anonymity.

      Regarding Defendant Crespo's anticipated motion to dismiss Plaintiff's Gender-Motivated Violence Act ("GMVA") claim against him, Plaintiff has sufficiently pled her GMVA claims against him. The GMVA states in relevant part as follows:

> "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. "Crime of violence motivated by gender" means a crime of violence

>committed because of gender or on the basis of gender, and due, at least in part, to
>an animus based on the victim's gender.

N.Y.C. Admin. Code § 8-903.

Based on the plain language of the statute, the plaintiff does not need to show that the alleged act or conduct "presents a serious risk of physical injury" if the act would constitute a misdemeanor (or felony) *against the person* as defined in state law. N.Y.C. Admin. Code § 10-1103. Under NY Penal Law, a person is guilty of the class B misdemeanor "sexual abuse in the third degree" when he "subjects another person to sexual contact without the latter's consent." N.Y. Penal Law § 130.55. "Sexual contact" means "any touching of the sexual *or other intimate parts of a person* for the purpose of gratifying sexual desire of either party." N.Y. Penal Law § 130.3 (emphasis added).

Plaintiff clearly alleges that while she was wearing a dress, Defendant Crespo placed his hand on her right inner thigh, slid his hand up and down her thigh, reaching about one or two inches away from her vagina. Dkt. No. 32 ¶ 14. It is indisputable that Plaintiff's inner thigh – approximately one inch from her vagina – would certainly constitute an "intimate part" of her person such that Defendant Crespo's conduct described herein is "sexual contact" under the NY Penal Law. It is also evident based on the pleadings that Defendant Crespo engaged in this "sexual contact" without Plaintiff's consent. Thus, Plaintiff has clearly established that Crespo subjected her to "sexual abuse in the third degree" for purposes of the definition of "crime of violence" under the GMVA.

As to the "motivated by gender" element of the GMVA, NY courts and courts in this district have held that "[r]ape and sexual assault are, by definition, actions taken against the victim without the victim's consent. Without consent, sexual acts . . . are a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy . . . Malice or ill will based on gender is apparent from the alleged commission of the act itself. Animus inheres where consent is absent." *Breest v. Haggis*, 2019 NY Slip Op 09398, ¶ 6, 180 A.D.3d 83, 94 (App. Div. 1st Dept.); *see also Eckhart v. Fox News Network, LLC*, No. 20 Civ. 5593 (RA), 2021 U.S. Dist. LEXIS 171219, at *76 (S.D.N.Y. Sep. 9, 2021) (citing to *Breest v. Haggis*). It simply defies logic to argue that Defendant Crespo's sexual abuse of Plaintiff was not motivated by her gender. Defendant Crespo was not interested in Plaintiff's consent; he saw an opportunity to assault her and he took it. The assault was such a violation of Plaintiff's bodily autonomy that while it occurred, she was in complete shock and paralyzed. Dkt. No. 32 ¶ 15.

Even if the Court were to require some additional showing of the Defendant's general animus towards women, *see, e.g., Hughes v. Twenty-First Century Fox, Inc*., 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) ("[The Plaintiff] offers no specific allegations that [the Defendant] harbored or expressed any animosity toward women."), Defendant Crespo's history of domestic violence and suspension from the NYPD on that basis is more than sufficient to satisfy such a requirement. *See* Dkt. No. 32 at ¶ 23 ("Officer Crespo had been suspended from active duty after his involvement in a domestic violence incident.").

Accordingly, Plaintiff has sufficiently pled this cause of action against Defendant Crespo and it must be sustained. Thus, Plaintiff respectfully requests that Defendant Crespo' application be denied.

Respectfully Submitted,

*Julia Elmaleh-Sachs*
Julia Elmaleh-Sachs