Case No. 20-CV-08429 (ALC)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

CITY OF NEW YORK, GINO PELAEZ, and EDWIN
CRESPO,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT EDWIN CRESPO'S MOTION TO DISMISS THE AMENDED COMPLAINT.

**GEORGIA PESTANA**
*Corporation Counsel of the City of New York*
Attorney for Defendant City of New York
100 Church Street, Room 2-172
New York, New York 10007-2601

*Of Counsel:* William A. Grey

*Tel*.: (212) 356-1181

## **TABLE OF CONTENTS**

**Page**

Preliminary Statement…………………………………………………………………...……1

Statement of Facts…………………………………………………………………………….2

Argument……………………………………………………………………………………..3

POINT I………………………………………………………………………………………3

PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD A VIOLATION OF THE GMVA ……………………………………………...................................................................................3

A. PLEADINGS STANDARD…………………………………………………………….3

B. PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD THE SECOND ELEMENT OF A GMVA CLAIM……………………………………………………………………….....4

C. PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD THE THIRD ELEMENT OF HER GMVA CLAIM……………………………………………………………………….5

D. PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD THE FOURTH ELEMENT OF HER GMVA CLAIM………………………………………………………………………5

Conclusion…………………………………………………………………….………...6

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Eckhart v. Fox News Network, LLC,</u>
   2021 U.S. Dist. LEXIS 171219 (SDNY 2021) ........................................................................3, 5

**Statutes**

42 U.S.C. §1983 ..............................................................................................................................1

42 U.S.C. §§ 2000 <u>et</u> <u>seq.</u> ................................................................................................................1

Civil Rights Act of 1964 Title VII .................................................................................................1

Code §§ 8-101 <u>et</u> <u>seq.</u> .....................................................................................................................1

Gender-Motivated Violence Protection Act ...................................................................................1

Gender-Motivated Violence Protection Act ...................................................................................1

GMVA ......................................................................................................................................3, 4, 5

N.Y. Executive Law §§ 290 ...........................................................................................................1

New York City Human Rights Law, N.Y ......................................................................................1

**Other Authorities**

N.Y.C. Admin. Code §§10-1101 to 10-1107 ...........................................................................1, 2, 3

N.Y.C. Admin. Code § 10-1103 ....................................................................................................4

N.Y.C. Admin. Code § 10-1104 ....................................................................................................3

New York State Human Rights Law("SHRL" ...............................................................................1

NYC Admin. Code §§ 8-901 to 8-907 ..........................................................................................1

<u>Rossbach</u>, at 31 ...........................................................................................................................4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JANE DOE,

                                    Plaintiff,

                                                            20-CV-08429 (ALC)(OTW)

                -against-

CITY OF NEW YORK, GINO PELAEZ, and
EDWIN CRESPO,

                                    Defendants.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT EDWIN CRESPO'S MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, a former Bronx County District Attorney's Office ("BXDA") Assistant District Attorney initially brought this action on October 8, 2020 alleging claims of purported hostile work environment due to her gender ("female") under Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. §§ 2000 et seq.., the New York State Human Rights Law("SHRL"), N.Y. Executive Law §§ 290 et seq., and the New York City Human Rights Law ("CHRL"), N.Y. City Admin. Code §§ 8-101 et seq., as well as claims pursuant to the New York City Victims of Gender-Motivated Violence Protection Act, NYC Admin. Code §§ 8-901 to 8-907, 42 U.S.C. §1983 ("1983"), negligent infliction of emotional distress, intentional infliction of emotional distress, false imprisonment, assault, and battery. See, Dkt. No. 1.

The Plaintiff filed an Amended Complaint. See, Dkt. No. 32. In the Amended Complaint, the Plaintiff alleges, against Edwin Crespo, only a violation of the Victims of Gender-Motivated Violence Protection Act ("GMVA"). See, N.Y.C. Admin. Code §§10-1101 to 10-1107.

The Defendant Edwin Crespo now moves to dismiss Plaintiff's Complaint. Plaintiff has failed to plausibly plead facts that allege she was presented with a serious risk of physical injury, that the alleged assault was because of her gender, or that the alleged assault was motivated by animus against her gender.  As noted in the pre-motion letter, Defendant Crespo does object to Plaintiff proceeding pseudonymously, but will rely on the arguments put forth in the City of New York's motion to dismiss and will not re-brief that issue in this motion.  See, Dkt. No 47.

Accordingly, Plaintiff's Complaint must be dismissed in its entirety as against Mr. Crespo.

## STATEMENT OF FACTS[1]

Plaintiff is a former BXDA Assistant District Attorney.  See, Dkt. No 32 at ¶9. Plaintiff claims that she suffered two assaults while employed at BXDA.  Id. at ¶¶1,2.  The Plaintiff alleges that on November 15, 2016, New York City Police Department ("NYPD") Officer Edwin Crespo moved close to her during a meeting in her cubicle and ran his hand up and down her thigh.  Id. at ¶¶13-15.  More specifically, Plaintiff alleges that Defendant Crespo "placed his hand on Plaintiff's right inner thigh and slid his hand up and down her thigh."  Id. at ¶14.  Plaintiff alleges that his hand came within a couple inches of her genitals. Id. at ¶14.     Id. at ¶31.  The Plaintiff alleges that an unidentified police officer witnessed this incident and informed a colleague, Assistant District Attorney Justin Thompson.  Id. at ¶ 15.  Mr. Thompson came over to Plaintiff, but Officer Crespo had removed his had prior to Mr. Thompson's arrival.  Id.

---

[1] Unless otherwise identified, this statement of facts is derived from the allegations in Plaintiff's Amended Complaint herein (ECF Dkt. No. 32) and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only.

The Plaintiff did have two additional meetings with Officer Crespo which were attended by male assistant district attorneys.  Id. at ¶22.  The Plaintiff does not allege that any assaults occurred during these meetings.  The Plaintiff further alleges that ten months after the alleged assault she was informed that any cases involving this officer would be reassigned from her.  Id. at ¶23.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD A VIOLATION OF THE GMVA

A.    **Pleadings Standard.**

To state a GMVA claim a plaintiff must plead that "(1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and (5) resulted in injury." Eckhart v. Fox News Network, LLC, 2021 U.S. Dist. LEXIS 171219, at 75 (SDNY 2021); quoting, Hughes v. Twenty-First Century Fox, Inc., 304 F. Supp. 3d 429, at 455 (SDNY 2018).  Plaintiff has failed to plausibly plead the second, third, or fourth elements of the cause of action.

The GMVA "provides a civil cause of action for an "injur[y] by an individual who commit[ted] a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. The statute defines "crime of violence" as "an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law . . . if the conduct presents a serious risk of physical injury to another, whether or not those acts actually resulted in criminal charges, prosecution or conviction." N.Y.C. Admin. Code § 10-1103.

3

The GMVA defines "crime of violence motivated by gender" as a "crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." Id.

**B.      Plaintiff Has Failed to Plausibly Plead the Second Element Of A GMVA Claim**

Plaintiff has failed to plausibly plead the second element of a GMVA claim. Plaintiff's pleadings do not allege conduct that presented her with a serious risk of physical injury. In Rossbach v. Monterfiore Med. Ctr., the plaintiff alleged that the defendant grabbed her and tried to place her on his lap, groped her, forcibly grabbed her buttocks, and forcibly sat her down on his lap while touching her chest and buttocks. 2021 U.S. Dist. Lexis 46012, see also, ¶¶ 7, 15, 18, and 19 of the declaration of Andrea Rossbach which is annexed to the Declaration of William A. Grey as exhibit "A." The plaintiff in the Rossbach case alleges touching that involved direct contact with the intimate body parts of the plaintiff on multiple occasions. The Court in Rossbach found that the plaintiff did "not produce evidence that Morales' unwanted touching posed a serious risk of physical injury." Rossbach, at 31.

If multiple touches directly on intimate body parts does not present a risk of serious physical injury then Plaintiff's allegation of one touch on her upper thigh, close to her genitals does not present a risk of serious physical injury. Especially so when read in conjunction with her statement that a police officer witnessed the alleged assault and informed one of Plaintiff's co-workers. It stands to reason that if she was in serious risk of physical injury than this officer would have taken to direct action as opposed to merely informing one of Plaintiff's colleagues.

**C.       Plaintiff Has Failed To Plausibly Plead The Third Element Of Her GMVA Claim**

The third element of a GMVA claims is that the alleged assault was perpetrated because of the plaintiff's gender.  <u>See</u>, <u>Eckhart</u>, at 75.  Plaintiff has failed to plausibly plead the third element of her GMVA claim.  Plaintiff pleads no facts at all that this touch on the leg was because of the Plaintiff's gender.  Plaintiff does not plead that anything beyond a physical touch.  She does not plead that either herself or Defendant Crespo made any statements concerning the alleged leg touch before or after the alleged touching.  There is nothing in the complaint that could lead one to plausibly believe that this alleged leg rub was because of the Plaintiff's gender.

**D.       Plaintiff Has Failed to Plausibly Plead The Fourth Element Of Her GMVA Claim**

The fourth element of a GMVA claim requires that the alleged assault be perpetrated in part because of the animus against plaintiff's gender.  <u>See</u>, <u>Eckhart</u>, at 75.  Plaintiff has failed to plausibly plead the fourth element of her GMVA claim.  Plaintiff has pleaded no "extrinsic evidence of [Defendant Crespo's] expressed hatred towards women, or specific statements made during the episode[] of unwanted physical contact [] indicating that [Defendant Crespo's] conduct was motivated by gender-based animus."  <u>Rossbach</u>, at 31.  Plaintiff does not plead any alleged statements by Defendant Crespo nor does she plead any extrinsic evidence showing animus or ill will towards women by Defendant Crespo.  Plaintiff does plead a hearsay allegation that Defendant Crespo was suspended based on a domestic violence incident.  <u>See</u>, Dkt. No. 32 at ¶23.  However, this is not evidence of gender based animus.  An allegation of domestic violence merely involves the relationship of the persons involved and does not allege, one way or the other, whether gender animus played any role in the alleged domestic violence situation.

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court grant

Defendant's motion to dismiss the Complaint against Edwin Crespo in its entirety with prejudice,

together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                December 20, 2021

                                    **GEORGIA M. PESTANA**
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants
                                    City of New York and Edwin Crespo
                                    100 Church Street, Room 2-172
                                    New York, New York 10007
                                    (212) 356-1181
                                    wgrey@law.nyc.gov


                                    By: /s/ _____
                                            William A. Grey
                                            Senior Counsel

6