UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

-against-

CITY OF NEW YORK, EDWIN CRESPO, and GINO PELAEZ,

                Defendants.

Case No. 20-CV-8429

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EDWIN CRESPO'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Julia Elmaleh-Sachs
Susan K. Crumiller
Crumiller P.C.
16 Court St, Ste 2500
Brooklyn, NY 11241
(212) 390-8480
julia@crumiller.com
susan@crumiller.com
Attorneys for Plaintiff

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 2

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    A.    Defendant's Cited Pleading Standard Has Not Been Reviewed by Any Appellate Court But Even if Applied Here, Plaintiff Has Sufficiently Pled "Serious Risk of Physical Injury" ... 2

    B.    Plaintiff Has Sufficiently Pled that Crespo Assaulted her Because of her Gender and/or Because of Animus Against Her Gender ........................................................................ 5

CONCLUSION ...................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**
*Breest v. Haggis*,
   2019 NY Slip Op 09398, ¶ 6, 180 A.D.3d 83, 94 (App. Div. 1st Dept.) .................................... 5

*Doe v. Gooding*,
   No. 20 Civ. 06569 (PAC), 2021 U.S. Dist. LEXIS 141877, (S.D.N.Y. July 29, 2021) ......... 3, 4

*Eckhart v. Fox News Network, LLC*,
   No. 20-CV-5593 (RA), 2021 U.S. Dist. LEXIS 171219, (S.D.N.Y. Sep. 9, 2021) ............ 3, 4, 5

*Hughes v. Twenty-First Century Fox,
   Inc.* 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) ....................................................................... 3, 6

*Rossbach v. Montefiore Med. Ctr.*,
   No. 19 Civ. 5758 (DLC), 2021 U.S. Dist. LEXIS 46012 (S.D.N.Y. Mar. 11, 2021) ............. 3, 4

**Statutes**
N.Y.C. Admin. Code § 10-1103 ..................................................................................................... 3

N.Y.C. Admin. Code § 8-903 ..................................................................................................... 2, 3

**Other Authorities**
Hopper, James W., PhD, "Why Many Rape Victims Don't Fight or Yell", The Washington Post,
   https://www.washingtonpost.com/news/grade-point/wp/2015/06/23/why-many-rape-victims-
   dont-fight-or-yell/ (June 23, 2015). ............................................................................................. 5

Plaintiff Jane Doe respectfully submits this memorandum of law in opposition to Defendant Crespo's Motion to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff was an Assistant District Attorney in the Bronx District Attorney's Office ("BXDA") from September 6, 2016 until she left on April 10, 2020. In 2016, in the course of her employment and in her office, she was groped on her bare leg – within inches of her vagina – by New York City Police Department ("NYPD") Officer Edwin Crespo. The assault was witnessed by a third party and Plaintiff reported it to multiple supervisors immediately. Neither BXDA nor NYPD took any remedial actions whatsoever, even though Crespo had the reputation amongst his colleagues of being a "bad cop." Instead, BXDA not only forced Plaintiff to continue working with her Crespo, but required her to seek out a male escort to attend meetings with him in preparation for an upcoming trial. Ten months later, Plaintiff learned that Crespo had been suspended from active duty after his involvement in a domestic violence incident. At that point, Plaintiff told the Bureau Chief that she could no longer work with Crespo in any capacity; only then did BXDA reassign Plaintiff's cases involving Crespo. However, the cases were reassigned to Plaintiff's officemate, and thus BXDA's belated purported remedial measure did little to alleviate Plaintiff's fear for her health and safety at work. The assault, which was evidently sexual in nature, left Plaintiff devastated and traumatized to come into work and potentially encounter her assailant by happenstance. As such, plaintiff has sufficiently pled her Victims of Gender-Motivated Violence Protection Act ("GMVA") claim against Crespo and it must be sustained.

## STATEMENT OF FACTS

Plaintiff is a former BXDA Assistant District Attorney. *See* Dkt. No 32 at ¶ 9. Plaintiff suffered two assaults by Defendant City's employees while employed at BXDA. *Id.* at ¶¶ 1, 2.

1

On or about November 15, 2016, Plaintiff met with Crespo, the arresting officer on a case being handled by Plaintiff, in her cubicle at work. *Id.* at ¶ 13. During the meeting, Crespo and Plaintiff were sitting side by side and Crespo moved his chair increasingly closer to Plaintiff's chair. *Id.* at ¶ 14. Eventually, Crespo placed his hand on Plaintiff's right inner thigh and slid his hand up and down her thigh. *Id.* His hand reached about one to two inches away from her vagina as Plaintiff was wearing a dress. *Id.* at ¶ 14. Another police officer witnessed the assault and informed Plaintiff's colleague, who then came over to Plaintiff and Crespo. *Id.* at ¶ 15. By the time the colleague had walked over, Crespo had removed his hand from Plaintiff's leg. *Id.* Throughout this ordeal, Plaintiff was in complete shock and paralyzed by the sheer audacity of the assault. *Id.*

Plaintiff and Defendant Crespo met on two additional occasions, where she was escorted by her colleagues ADA Justin Thompson and ADA Joshua Satter. *Id.* at ¶ 22. On September 25, 2017, Plaintiff learned that Crespo had been suspended from active duty after his involvement in a domestic violence incident. *Id.* at ¶ 23.

## ARGUMENT

**A. Defendant's Cited Pleading Standard Has Not Been Reviewed by Any Appellate Court But Even if Applied Here, Plaintiff Has Sufficiently Pled "Serious Risk of Physical Injury"**

Plaintiff has sufficiently pled her GMVA claim against Crespo. The GMVA states in relevant part:

> "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

N.Y.C. Admin. Code § 8-903.

2

As a threshold matter, based on the plain language of the statute, plaintiff need not show that the alleged act or conduct "presents a serious risk of physical injury" if the act would constitute a misdemeanor (or felony) *against the person* as defined in state law. N.Y.C. Admin. Code § 10-1103. Indeed, in reading the plain language of the statute, a plaintiff need only show that the conduct in question "presents a serious risk of physical injury to another" if the act would constitute a misdemeanor or felony *against property. Id.*

The five elements cited by Defendant in its brief were set forth for the first time in *Hughes v. Twenty-First Century Fox, Inc.* 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018). No appellate court – either federal or state – has affirmed this judicially-created limitation of the statute. However, this Court has used the elements set forth in *Hughes* in more recent cases including *Rossbach v. Montefiore Med. Ctr., Doe v. Gooding,* and *Eckhart v. Fox News Network*, all decided in 2021. Even using this narrower reading of the statute, for the reasons stated below, Plaintiff has met her pleading burden and does not need to explicitly allege that a police officer placing his hand within inches of her vagina "presented a serious risk of physical injury" to her. N.Y.C. Admin. Code § 8-903.

Defendant cites *Rossbach v. Montefiore Med. Ctr.*, No. 19 Civ. 5758 (DLC), 2021 U.S. Dist. LEXIS 46012 (S.D.N.Y. Mar. 11, 2021) to support the contention that "Plaintiff's pleadings do not allege conduct that presented her with a serious risk of physical injury." Defendant's MOL at p. 8. *Rossbach* admittedly involved shockingly egregious allegations of sexual assault by Defendant for which GMVA claims were not sustained, and which we respectfully submit was incorrectly decided. However, *Rossbach* is a decision on summary judgment, and this Court dismissed the claim only after the plaintiff had failed to produce evidence that the defendant's unwanted touching "posed a serious risk of physical injury" in discovery, which has not yet been conducted herein. *Rossbach v. Montefiore Med. Ctr.*, 2021

3

U.S. Dist. LEXIS 46012, at *31. In the instant case, Plaintiff has not yet had the opportunity to testify at a deposition, produce mental health records, or conduct expert discovery, which will undoubtedly show that Defendant's sexual assault posed to her a serious risk of physical injury.

To the contrary, *Doe v. Gooding* is a case that involves a rape by Cuba Gooding Jr. On motion for default judgment and "upon reviewing the plaintiff's submission, the VGM, and related caselaw" this Court determined that the facts Plaintiff alleged were sufficient to support her claim under the GMVA. *Doe v. Gooding*, No. 20 Civ. 06569 (PAC), 2021 U.S. Dist. LEXIS 141877, at *11 (S.D.N.Y. July 29, 2021). There is no discussion by this Court of whether or not the abhorrent conduct plaintiff was subjected to "presented a serious risk of physical injury," but Plaintiff included a declaration in her papers where she stated that after being raped twice, she was afraid to move "in fear that he might rape me a third time". *Id.* at Dkt. No. 20-3 (filed July 26, 2021). Again, Plaintiff here has not had an opportunity to submit evidence regarding her state of mind at the time of the assault, including whether she felt Crespo presented a serious risk of physical injury to her and/or whether she was scared he might try to assault her again (perhaps in a more egregious manner).

In *Eckhart*, this Court found that the plaintiff's GMVA claim survived on a motion to dismiss because "the totally of [plaintiff's] allegations includes not only the alleged sexual assaults themselves but also numerous claims that [defendant] acted inappropriately with and used degrading language toward other women." *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 U.S. Dist. LEXIS 171219, at *77 (S.D.N.Y. Sep. 9, 2021). The Court did not consider whether the alleged sexual assaults constituted actions that "presented a serious risk of physical injury" to the plaintiff. Here, similarly, there are allegations that Crespo engaged in gender-based violence toward at least one other woman.

In light of this recent case law, it is evident that Plaintiff need not spell out for the Court

4

in her complaint that being groped and fondled in her place of work presented a serious risk of physical injury to her. As such, Plaintiff has sufficiently pled this element of the GMVA.

### B. Plaintiff Has Sufficiently Pled that Crespo Assaulted her Because of her Gender and/or Because of Animus Against Her Gender

As to the "motivated by gender" element of the GMVA, NY courts and this Court have recently held that "[r]ape *and sexual assault are*, by definition, actions taken against the victim without the victim's consent. Without consent, sexual acts . . . are a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy . . . Malice or ill will based on gender is apparent from the alleged commission of the act itself. Animus inheres where consent is absent." *Breest v. Haggis*, 2019 NY Slip Op 09398, ¶ 6, 180 A.D.3d 83, 94 (App. Div. 1st Dept.); *see also Eckhart v. Fox News Network, LLC*, No. 20 Civ. 5593 (RA), 2021 U.S. Dist. LEXIS 171219, at *76 (S.D.N.Y. Sep. 9, 2021) (citing to *Breest v. Haggis*) (emphasis added).

It simply defies logic to argue that Defendant Crespo's sexual assault of Plaintiff was not motivated by her gender. In fact, Defendant's argument that "[t]here is nothing in the complaint that could lead one to plausibly believe that this alleged leg rub was because of the Plaintiff's gender" is patently offensive. Defendant's MOL at p. 9. Crespo saw an opportunity to assault a young woman wearing a dress and he took it. Had Plaintiff's colleague failed to intervene, who knows what his next step might have been? The assault was such a violation of Plaintiff's bodily autonomy that while it occurred, like many other survivors of sexual assault[1], she was in complete shock and paralyzed by fear. Dkt. No. 32 ¶ 15.

---

[1] "One such response [to sexual assault] is *tonic immobility*. In freezing, brain and body are primed for action. But in tonic immobility, the body is literally paralyzed by fear – unable to move, speak, or cry out. The body goes rigid. Hands may go numb." Hopper, James W., PhD, "Why Many Rape Victims Don't Fight or Yell", The Washington Post, https://www.washingtonpost.com/news/grade-point/wp/2015/06/23/why-many-rape-victims-dont-fight-or-yell/ (June 23, 2015).

As stated, even if the Court were to require some additional showing of the Defendant's general animus towards women, *see, e.g., Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) ("[The Plaintiff] offers no specific allegations that [the Defendant] harbored or expressed any animosity toward women."), Crespo's history of domestic violence and suspension from the NYPD on that basis is more than sufficient to satisfy such a requirement. *See* Dkt. No. 32 at ¶ 23 ("Officer Crespo had been suspended from active duty after his involvement in a domestic violence incident.").

## CONCLUSION

Plaintiff respectfully requests that Defendant Crespo's application be denied in its entirety.