Case No. 20-CV-08429 (ALC)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                                                                                   Plaintiff,

-against-

CITY OF NEW YORK, GINO PELAEZ, and EDWIN CRESPO,

                                                                                   Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT.**

**GEORGIA M. PESTANA**

*Corporation Counsel of the City of New York*
Attorney for Defendant City of New York
100 Church Street, Room 2-172
New York, New York 10007-2601

*Of Counsel:* William A. Grey

*Tel*.: (212) 356-1181

# TABLE OF CONTENTS

**Page**

Preliminary Statement…………………………………………………………………………...1

Argument……………………………………………………………………………………..2

Point I……………………………………………………………………………………………2

PLAINTIFF MUST PLEAD THAT SHE WAS SUBJECTED TO CONDUCT THAT POSED A RISK OF SERIOUS PHYSICAL INJURY AND HAS NOT DONE SO IN THE AMENDED COMPLAINT …………………………………………………………………………….2

Point II……………………………………………………………………………………..5

PLAINTIFF HAS NOT PROPERLY PLED THAT HER ALLEGED ASSAULT OCCURRED BECAUSE OF HER GENDER NOR HAS SHE PLAUSIBLY PLED THAT DEFENDANT HARBORED ANIMUS AGAINST HER GENDER……………………………………………………………………………..………6

Conclusion…………………………………………………………………………….………...7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Breest v. Haggis,
    180 A.D.3d 83 (1st Dept. 2019)...................................................................................5, 6

Burrus v. Vegliante,
    336 F.3d 82 (2d Cir. 2003)..................................................................................................5

Eckhart v. Fox News Network, LLC.,
    2021 U.S. Dist. LEXIS 171219 (SDNY 2021)...............................................................2, 4

Engelman v. Rofe,
    194 A.D.3d 26 (1st Dept. 2021)..........................................................................................3

Hughes v. Twenty-First Century Fox, Inc..
    304 F.Supp. 3d 429 (SDNY 2018)..................................................................................2, 4

Rossbach v. Montefiore Med. Ctr.,
    2021 U.S. Dist. LEXIS 46012 (SDNY 2021)..............................................................2, 3, 5

**Statutes**

NYC Administrative Code § 10-1103 .........................................................................................3

Gender-Motivated Violence Protection Act ................................................................................1

**Other Authorities**

Doe, at 11 ....................................................................................................................................4

N.Y.C. Admin. Code §§10-1101 to 10-1107...............................................................................1

Rule 2(D) .....................................................................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JANE DOE,

            Plaintiff,

                       20-CV-08429 (ALC)(OTW)

    -against-

CITY OF NEW YORK, GINO PELAEZ, and
EDWIN CRESPO,

            Defendants.
------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

## PRELIMINARY STATEMENT

Defendant Edwin Crespo ("Defendant") filed a motion to dismiss on December 20, 2021. See, Dkt. Nos. 51, 52, and 53. Plaintiff filed her opposition on January 10, 2022. See, Dkt. No. 54.

The Defendant moved to dismiss Plaintiff's singular claim against the Defendant, an alleged violation of the Victims of Gender-Motivated Violence Protection Act ("GMVA"). See, N.Y.C. Admin. Code §§10-1101 to 10-1107..

Plaintiff's opposition fails to point to facts that plausibly establish a properly pleaded claim. Plaintiff argues that she does not have to plead that she was subject to conduct that posed a serious risk of physical injury. Plaintiff argues that if she does have to plead conduct that posed a serious risk of physical injury, that such conduct is properly pled. Plaintiff also argues that she has sufficiently pled that she was allegedly assaulted because of her gender and/or because

1

of animus against her gender. Plaintiff's arguments are meritless and, as set forth more fully below, Defendant is entitled to an order dismissing him from this action.

## ARGUMENT

### POINT I

**PLAINTIFF MUST PLEAD THAT SHE WAS SUBJECTED TO CONDUCT THAT POSED A RISK OF SERIOUS PHYSICAL INJURY AND HAS NOT DONE SO IN THE AMENDED COMPLAINT**

Plaintiff first argues that she does not have to plead that her alleged assault subjected her to a serious risk of physical harm. Plaintiff then posits that if she is required to plead this, then she has. Plaintiff is wrong on both counts.

Plaintiff's first argument is based on a reading of the statutory language. Plaintiff argues that the definition of a "crime of violence" limits the serious risk of physical injury to only attacks against property. Plaintiff is incorrect. A fair reading of the law plainly establishes that in order to be a "crime of violence" one has to plead that they were subjected to conduct that presents a serious risk of physical injury.

Plaintiff's misreading is evident when compared to how the law is applied by federal and state courts. Plaintiff admits that the Defendant's reading of the law was adopted by the Southern District of New York in Hughes v. Twenty-First Century Fox, Inc.. 304 F.Supp. 3d 429, at 455 (SDNY 2018). This reading of the law has been reiterated and affirmed by not only the Southern District of New York but also by the New York State Appellate Division First Department. Compare, Rossbach v. Montefiore Med. Ctr., 2021 U.S. Dist. LEXIS 46012, at 31 (SDNY 2021), and Eckhart v. Fox News Network, LLC., 2021 U.S. Dist. LEXIS 171219, at 75 (SDNY 2021) with Engelman v. Rofe, 194 A.D.3d 26, at 29 (1st Dept. 2021) ("A "crime of

violence" is defined, as pertinent herein, as an act that would constitute a misdemeanor or felony against the person as defined in state or federal law, "if the conduct presents a serious risk of physical injury to another."" Quoting, NYC Administrative Code § 10-1103).

      Plaintiff has some secondary and tertiary arguments that offer no reason to adopt a different reading of the law or to deny the Defendant's motion to dismiss. Plaintiff argues that Rossbach was a decision on summary judgment and thus the plaintiff in that action had the process of discovery to flesh out her claim that she was subjected to a serious risk of physical injury while the Plaintiff at bar has not.

      This is an odd argument. Plaintiff submits that discovery would provide her the chance to be deposed, produce mental health records, and provide expert discovery. The Plaintiff already maintains her own personal knowledge, access to her medical records, and access to her own experts. If Plaintiff believes that this would show a properly pleaded claim then she should have included them in her amended complaint. Especially in light of Your Honor's Individual Rule 2(D). Plaintiff did not indicate a desire at the pre-motion conference to file a 2nd Amended Complaint. If Plaintiff felt that she was in possession of facts that would plausibly plead her claim then that was the time to indicate an intent to amend. Especially in light of the peculiarity of Plaintiff's argument. She is claiming that she is in possession of facts that would allege a plausibly pleaded claim but intentionally chose to forego from pleading these alleged facts and to wait until discovery. If Plaintiff believes that this will show a properly pleaded claim then she should have included them in her amended complaint.

      Plaintiff's tertiary argument is to point to Doe v. Gooding and argue that the Doe Court did not discuss the serious risk of physical injury prong. 2021 U.S. Dist. LEXIS 141877

3

(SDNY 2021). Plaintiff is simply wrong. The Doe Court cites Hughes as setting forth the proper elements of the claim. Doe, at 11. Thus, that Court adopted the Defendant's reading of the law. The facts alleged in Doe v. Gooding show why it was unnecessary to discuss a serious risk of physical injury prong. In Doe v. Gooding, the plaintiff alleged that she was subjected to "vaginal and anal rape, without a condom, after luring Plaintiff into Defendant's hotel room on false pretenses." 2021 U.S. Dist. LEXIS 141877, at 4 (SDNY 2021). This allegation clearly describes conduct that would pose a serious risk of physical injury to the plaintiff. In any event the Doe decision clearly supports the proper pleading standard as proposed by the Defendant in the matter at bar.

Plaintiff similarly points to Eckhart for the same reason, that the Court did not discuss whether the plaintiff was subjected to a serious risk of physical injury. This fails for the same reasons that the Doe argument fails. First, the Eckhart Court, just as the Doe Court, accepted the Hughes reading of the law and the necessary elements in the same way that the Defendant in this action does. See, Eckhart, at 74-75. Second, the defendant in the Eckhart action did not argue that the allegations failed to allege conduct that presented a serious risk of physical injury. The Eckhart defendant only challenged the animus showing required in the fourth element of the claim. Id., at 75-76. Thus, any discussion of whether the acts, which in that case included unwanted sexual intercourse and forcible fellatio, constituted conduct that presented a serious risk of physical injury was not at issue in the motion to dismiss and thus offers no safe harbor for this Plaintiff's claims.

Plaintiff's next argument is that she has in fact plausibly pleaded conduct that subjected her to a serious risk of physical injury. Plaintiff simply offers no support for this claim

4

beyond the bare contention that it is properly pled. Plaintiff fails to engage with the facts of Rossbach beyond arguing that it was wrongly decided. Rossbach clearly involved conduct that was more invasive, happened on more than one occasion, and involved direct touching of intimate body parts. See, Defendant's Exhibit "A." Plaintiff fails to even attempt to differentiate Rossbach much less show how one rub of a leg in an open cubicle in an office where people are walking by compares to the much more serious allegations as laid out in Rossbach.

Plaintiff has failed to show that she need not plead all the necessary elements and failed to show that she has pled facts which plausibly alleges that she was subjected to conduct that pose a serious risk of physical injury.

POINT II

**PLAINTIFF HAS NOT PROPERLY PLED THAT HER ALLEGED ASSAULT OCCURRED BECAUSE OF HER GENDER NOR HAS SHE PLAUSIBLY PLED THAT DEFENDANT HARBORED ANIMUS AGAINST HER GENDER**

Plaintiff's opposition to Defendant's arguments on the third and fourth elements of her claim seemingly tries to conflate the two prongs into one. Such a reading would give a construction to the law that would render certain provision superfluous and thus counsels against such a reading. See, Burrus v. Vegliante, 336 F.3d 82, at 91 (2d Cir. 2003); see also, Breest v. Haggis, 180 A.D.3d 83, at 93 (1st Dept. 2019).

Plaintiff then argues that the facts and reasoning in Breest, should control in this case. Plaintiff is incorrect. Breest held that allegations involving rapes and sexual assaults satisfy

5

both elements three and four of the claim for the purposes of proper pleading. Breest, at 94. However, the Plaintiff was not sexually assaulted. She claims that the Defendant rubbed her leg and got near her vagina. In Breest, the plaintiff alleged that after unequivocally denying that defendant's advances, he forced her to give him oral sex, digitally penetrated her, and then raped her. Id. at 86. That is what the Court in Breest referred to as rape and sexual assault. Plaintiff in the case at bar does not make allegations such as this. Oral sex, digital penetration, and rape are clearly of a class of conduct that are separate and apart from rubbing someone's leg near their vagina. The determination in Breest rests on the assumption that the actions are so overt that one can presume a gender animus. Plaintiff's allegations fall far short of the serious rape and sexual assault allegations that would satisfy both the 'because of the victim's gender' and the 'general animus against the gender' prongs of the law.

Plaintiff then argues that the alleged assault was because of the Plaintiff's gender, but points to no factual support in the amended complaint. The Plaintiff merely calls the Defendant's arguments patently offensive and then seemingly argues that just because she is a woman and he is a man that she has plead facts that could satisfy this element. Plaintiff is incorrect. Just because the persons involved are of the opposite sex does not mean that the alleged touching was motivated by her gender. Plaintiff points to no statements to indicate that he was allegedly touching her leg to satisfy some sort of sexual desire. She claims that the leg rub happened without comment by either person. Plaintiff has alleged that he rubbed her leg, but her factual allegations offer no support that this alleged leg touching was motivated by her gender.

Plaintiff's final argument concerns the fourth element of the claim, that Plaintiff must plausibly plead that the Defendant was motivated by an animus towards Plaintiff's gender.

Plaintiff argues that a hearsay allegation that Defendant was suspended because of his involvement in a domestic violence incident somehow shows animus against women. Plaintiff is incorrect.

As pointed out in the moving papers, the fact that someone was alleged to be involved in a domestic violence incident tells us nothing about that persons animus against the Plaintiff's gender. A domestic violence incident only informs as to the relationship between the parties. If a father and a son got into an altercation in the home, that would be domestic violence. If a mother and a daughter got into an altercation in the home, that would be domestic violence. Plaintiff tries to argue that domestic violence necessarily implies a gender motivated animus. This is incorrect.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in the Defendant's original memorandum of law, the Defendant respectfully requests that the Court grant Defendant's motion to dismiss the Complaint against Edwin Crespo in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 24, 2022

        **GEORGIA M. PESTANA**
        Corporation Counsel of the
        City of New York
        Attorney for Defendants
        100 Church Street, Room 2-172
        New York, New York 10007
        (212) 356-1181
        wgrey@law.nyc.gov

        By: /s/

_____
William A. Grey
Senior Counsel